IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA BONELLI

    Plaintiff,

  v.

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF THE CITIGROUP MORTGAGE
LOAN TRUST INC., ASSET BACKED
PASS-THROUGH CERTIFICATE SERIES 2005-3
TRUST FUND, CITIGROUP MORTGAGE LOAN
TRUST INC., CITIBANK N.A., CITIMORTGAGE
INC., COUNTRYWIDE HOME LOANS
SERVICING, and DOES 1 through 400, inclusive,

    Defendants.

No. C 14-02352 WHA

**ORDER GRANTING MOTION TO DISMISS AND DENYING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND MOTION TO STRIKE**

## INTRODUCTION

In this wrongful-foreclosure action, defendant moves to dismiss pursuant to Rule 12(b)(6). For the reasons stated below, defendant's motion is **GRANTED**.

## STATEMENT

*Pro se* plaintiff Patricia Bonelli's claims arise out of an attempt to invalidate a pending nonjudicial foreclosure by attacking the mortgage securitization process. In 2005, plaintiff and then-husband Mark Worthen executed a promissory note, secured by a deed of trust, with Wells Fargo Bank, N.A. for their residential property. Wells Fargo eventually assigned all beneficial interests under the deed to defendant U.S. Bank, N.A. as trustee for Citigroup Mortgage Loan

Trust Inc., Mortgage Pass-Through Certificates, Series 2005-3 ("U.S. Bank"), and later recorded a Corporate Assignment of Deed of Trust in February 2012. In the meantime, plaintiff and Worthen divorced. The divorce court awarded plaintiff the property. Plaintiff, however, fell behind on her loan payments and acknowledges that she "lawfully owes money under the Note" (First Amd. Compl. ¶ 3.1).

In 2012, plaintiff sued Wells Fargo in Sonoma County Superior Court "for relief [from] loan modification" (*Id.* ¶ 2.1). In May 2014, after learning that Wells Fargo had already assigned plaintiff's note to U.S. Bank, she filed this action against defendants. Although plaintiff names multiple defendants, she only served defendant U.S. Bank (Dkt. No. 23). Plaintiff eventually dismissed the state-court lawsuit, "reach[ing] a compromise with Wells Fargo given their limited scope of involvement" (Plaintiff's Amd. Response 5).

Defendant U.S. Bank, the only defendant that has appeared in this case, asserts that when dismissing the state-court action, plaintiff "signed a release of all past, present or future claims against Wells Fargo and its successors and assigns in any way arising from the loan," and is thus barred from seeking relief in this action (Br. 1). Defendant, however, submits no evidence to support this assertion and does not include this purported agreement in the present record.

The first amended complaint alleges the following claims: (1) declaratory relief; (2) negligence; (3) quasi-contract; (4) violation of the Real Estate Settlement Procedures Act ("RESPA"); (5) unfair debt collection; (6) unfair competition; (7) accounting; (8) quiet title; (9) civil extortion; (10) violation of California Civil Code 2924.17; (11) injunctive relief under California Civil Code 2923.5; (12) infliction of emotional distress; (13) injunctive relief against threatened default and foreclosure; and (14) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

This May 2014 action was originally assigned to Magistrate Judge Maria-Elena James. After Judge James issued three orders to show cause, plaintiff finally served this lawsuit on defendant in April 2015. The case was subsequently reassigned to the undersigned judge in June 2015. Plaintiff has also filed multiple responses to defendant's motion to dismiss, including

a motion for injunctive relief on July 27, 2015, three days before the scheduled hearing (Dkt Nos. 2, 13, 17, 21, 37, 51).

This order follows full briefing and oral argument.

**ANALYSIS**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted). *Pro se* complaints, however, are held to less stringent standards than complaints drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff acknowledges she owes a balance on her note. She argues, however, that defendant does not have a valid interest in her note or deed, and thus has no authority to foreclose. This argument derives from plaintiff's attack on the mortgage-securitization process. She asserts that the note and deed were transferred or recorded "over six and a half years after the closing date," in violation of the pooling and servicing agreement ("PSA") and New York laws. Based on these alleged violations, plaintiff argues the transfer was improper and so defendant has no legal interest in her note or mortgage (First Amd. Compl. ¶¶ 27–31).

Our court of appeals, however, has rejected this argument. The majority rule in California under *Jenkins v. JP Morgan Chase, N.A.*, 216 Cal. App. 4th 497 (2013), which our court of appeals has endorsed, holds that a borrower lacks standing to challenge an entity's authority to foreclose based on an alleged void transfer of her loan.

> As a borrower, [the plaintiff] does not have standing under California law to challenge irregularities in the assignment of her Note or Deed of Trust because those instruments are negotiable and her obligations thereunder remain unchanged even if her

3

> creditor changes . . . Nor does [the plaintiff] have standing to challenge the late assignment of her loan . . . under New York law since [the plaintiff] is not an intended beneficiary of the . . . Trust.

*Christie v. Bank of New York Mellon, N.A.*, No. 14–55012, 2015 WL 3621870, at *1 (9th Cir. June 11, 2015). So too here. Plaintiff was not a party to the securitization transactions and thus has no standing to challenge foreclosure based on the loan's securitization process or PSA breaches.

### 1. CLAIMS RELYING ON ALLEGED DEFECTS IN LOAN SECURITIZATION.

Nine of plaintiff's fourteen claims for relief rely on alleged defects in the mortgage-securitization process: (1) declaratory relief; (3) quasi-contract; (5) unfair debt collection; (6) unfair competition; (7) accounting; (8) quiet title (9) civil extortion; (10) violation of California Civil Code section 2924.17; and (13) injunctive relief against threatened default and foreclosure. As discussed above, plaintiff has no standing to challenge defendant's authority to foreclose based on alleged defects in the mortgage-securitization process. Thus these nine claims necessarily fail on their merits. This order now briefly addresses each of the nine claims predicated on the alleged securitization defects.

#### A. Declaratory and Injunctive Relief.

Plaintiff's first claim for relief requests a judicial determination "that none of the Defendants have any right, title or interest in Plaintiff's Note, Deed of Trust, or the Property" (First Amd. Compl. ¶ 58). Her thirteenth claim for relief requests "temporary and preliminary injunction stopping foreclosure sale initiated by Defendants upon Plaintiff's inability . . . to make payments" (*Id.* ¶ 110). Plaintiff, however, derives these declaratory and injunctive claims for relief from the alleged defects in the securitization process that invalidate defendant's authority to foreclose. Thus plaintiff fails to assert a valid underlying claim.

#### B. Quasi-Contract.

Quasi-contracts are not based upon the intent of the parties to be bound, but are rather "obligations created by law for reasons of justice." *McGough v. Univ. of S.F.*, 214 Cal. App. 3d 1577, 1584 (1989) (citations omitted). Plaintiff alleges defendant was unjustly enriched because it "knowingly accepted Plaintiff's payments and retained them for their own use and benefit"

4

when it "knew or should have known" it had no interest in her note (First Amd. Compl. ¶ 68). This allegation, however, is predicated on defendant's alleged invalid interest due to securitization defects and thus does not provide adequate grounds to grant a quasi-contract equitable claim.

### C. Unfair Debt Collection.

Plaintiff alleges defendant violated 15 U.S.C. 1692 (Fair Debt Collection Practices Act) by engaging in "false, deceptive and/or misleading representations in connection with the collection of debt including false representation of character, amount, and/or legal status of the threat" (First Amd. Compl. ¶ 80). This conclusory allegation, however, fails to state a valid claim.

*First*, plaintiff alleges defendant is collecting on an "illegal debt" based on the alleged defects in the loan securitization (*Id*. ¶ 70). *Second*, plaintiff merely recites the elements of 15 U.S.C. 1692(e) nearly word-for-word and does not allege any facts. *Third*, plaintiff fails to show that defendant is a "debt collector" under 15 U.S.C. 1692, *i.e.* a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692(a)(6). Our court of appeals has declined to extend the definition of "debt collector" in the foreclosure context. *Schlegel v. Wells Fargo Bank*, *N.A.*, 720 F.3d 1204, 1208–10 (9th Cir. 2013).

### D. Unfair Competition.

Plaintiff alleges defendant violated 12 U.S.C. 2605(e) (RESPA), California Penal Code Section 532(f)(a)(4), and Section 17200 of California's Unfair Competition Law by engaging in "unfair, unlawful, and fraudulent [conduct] within the meaning of unlawful acts and practices forbidden" under *Saunders v. Superior Court*, 27 Cal. App. 4th 832 (1994), and *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499 (1997) (First Amd. Compl. ¶ 84). Both decisions are distinguishable, however, as they relate to business practices between reporters and insurance companies, and unlawful ski resort business practices, respectively.

5

Plaintiff's RESPA allegation is already fully addressed under her fourth claim of relief. Additionally, plaintiff cannot seek civil relief under criminal statute California Penal Code Section 532(f)(a)(4).

To state a claim for unfair competition under Section 17200, a plaintiff must allege that a defendant engaged in an "unlawful, unfair, or fraudulent business act or practice" or in "unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE §17200. Plaintiff fails to state a claim under any prong of the statute. *See Christie v. Bank of New York Mellon, N.A.*, No. 14–55012, 2015 WL 3621870, at *1 (9th Cir. June 11, 2015).

*First*, plaintiff's claim fails under the "unlawful" and "unfair" prongs of Section 17200 because it is predicated on the alleged errors in the securitization process (First Amd. Compl. ¶ 84). *Second*, plaintiff's claim also fails under the "fraudulent" prong of Section 17200. Fraud allegations under Section 17200 must meet the heightened pleading requirements of Rule 9(b), which requires "the who, what, when, where, and how" of the fraudulent conduct. *Kearns v. Ford Motor Co*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff fails to allege facts that satisfy this heightened standard.

### E. Accounting.

An accounting can be either a legal remedy or an equitable claim. Moreover, a request for a legal accounting must be tethered to an actionable claim. In order to state a claim, a complaint must allege the existence of a relationship or other circumstances appropriate to the remedy and a balance due from the defendant that can only be ascertained through an accounting. *See Brea v. McGlashan*, 3 Cal. App. 2d 454, 460 (1934). Plaintiff, however, bases this claim on defendant's allegedly invalid interest in her note and mortgage. Thus plaintiff has not alleged any fact that tethers this relief to any actionable claim.

### F. Quiet Title.

The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein. "[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994).

6

Plaintiff seeks judicial relief under California Civil Code Section 761.020 to quiet title because defendant has "irretrievably mismanaged by design or negligence and ha[s] been unable or unwilling to establish the identity of the beneficial interests" (First Amd. Compl. ¶ 92). This allegation again relies on defendant's purported invalid interest in her note. Furthermore, plaintiff fails to allege that she can tender the debt owed, *i.e.* make "an offer to pay the full amount of the debt for which the property was security." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578–79 (1984). As plaintiff concedes, she has not paid the debt owed and does not offer to do so.

### G.     Civil Extortion.

Plaintiff alleges that defendant is liable under 18 U.S.C. 1951(b)(2) for extortion because it "undert[ook] multiple . . . acts to obtain money from Plaintiff" when it had "no legitimate, demonstrable, or documented interest" in her mortgage (First Amd. Compl. ¶ 95). This claim, however, rests on the alleged defects in the mortgage-securitization process. Thus plaintiff fails to state a valid claim.

### H.     Violation of Section 2924.17.

California Civil Code Section 2924.17 provides that before recording or filing a notice of default, a notice of sale, and other specified documents, "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Plaintiff alleges that defendant "lack[s] standing to act to foreclose . . . by engaging in deceptive practices" (First Amd. Compl. ¶ 98). This claim, however, again relies on the alleged defects in the securitization process and thus lacks adequate grounds for validity.

As discussed above, these nine claims for relief rely on the alleged securitization violations. Plaintiff does not have standing to challenge an entity's authority to nonjudicially foreclose based on such allegations. These claims thus necessarily fail on their merits. Defendant's motion to dismiss these nine claims is therefore **GRANTED**.

### 2. REMAINING FIVE CLAIMS.

Plaintiff asserts five other claims that do not necessarily rely on the alleged defects of the mortgage-securitization process. These five claims, however, fail as well on their merits.

#### A. Negligence.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. . . Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Nymark v. Heart Fed. Savings & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096 (1991) (citations omitted).

Plaintiff alleges that "[a]fter multiple applications for loan modification with Defendants, for which Plaintiff qualified for 'in house' modification (as Plaintiff was notified and informed by Defendants) . . . Defendants went beyond their conventional role . . . as a usual money lender" (First Amd. Compl. ¶ 63). Not so.

While the undersigned judge has found that a financial institution actively participates in the financial enterprise beyond the domain of the usual money lender when it offers borrowers a loan modification and a trial period plan, such is not the case here. *See Ansanelli v. JP Morgan Chase Bank, N.A.*, No. C 10–03892, 2011 WL 1134451, at *7 (N.D. Cal. March 28, 2011); *Avila v. Wells Fargo Bank*, No. C 12–01237, 2012 WL 2953117, at *12 (N.D. Cal. July 19, 2012). Unlike the defendants in *Ansanelli* and *Avila*, here defendant has not offered plaintiff a loan modification. More importantly, defendant has not engaged in a trial period plan that might suggest active participation beyond the role of a usual money lender.

Instead, the undersigned judge has held that merely engaging in the loan modification process is a traditional money lending activity. *See Meyer v. Wells Fargo, N.A.*, No. C 13-03727, 2013 WL 6407516, at *5 (N.D. Cal. December 6, 2013). So too here. Defendant merely negotiated a loan modification and did not offer one (First Amd. Compl. ¶ 65). Plaintiff has failed to show that defendant has a fiduciary duty to her and thus cannot be liable for negligence. Defendant's motion to dismiss plaintiff's negligence claim is therefore **GRANTED**.

8

### B. Violation of RESPA.

Section 2605 of RESPA governs claims regarding written requests. 12 U.S.C. 2605. Section 2605(e)(1) requires mortgage loan servicers to respond to qualified written requests ("QWR") from borrowers seeking information relating to loan servicing. Upon receiving a QWR, the servicer must acknowledge receipt of the QWR within twenty days, and provide a response within sixty days. *Ibid*. A servicer's failure to provide a response is actionable under Section 2605(f); however, a borrower must show actual damages suffered from the RESPA violation. *See Hamilton v. Home Sales Inc.*, 588 F. Appx. 698, 699 (9th Cir. 2014).

Plaintiff alleges defendant violated RESPA by not fully responding to plaintiff's multiple QWRs. Specifically, defendant has not "provided the contact information for the purported holder of Plaintiff's Note as required by Section 2605 et seq. of RESPA" (First Amd. Compl. ¶ 76). Plaintiff, however, has not alleged any harm based on defendant's failure to respond to the QWRs, rather than from her default or from dispute over the loan's ownership. Defendant's motion to dismiss plaintiff's RESPA violation claim is therefore **GRANTED**.

### C. Injunctive Relief under Section 2923.5.

California Civil Code Section 2923.5 provides that "a mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default . . . until 30 days after initial contact is made . . . or 30 days after satisfying the due diligence requirements." The mortgagee, beneficiary, or authorized agent must contact the borrower in person or by telephone to discuss the borrower's financial situation and assess whether there is a way to avoid foreclosure. Cal. Civ. Code 2923.5(a)(2). If the mortgagee, beneficiary, or authorized agent does not contact the borrower, it may still file a notice of default "provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." Cal. Civ. Code 2923.5(g).

Plaintiff alleges defendant violated Section 2923.5 "by causing or threatening to cause notice of default to be filed . . . without giving the notice as mandated [ ], failing to diligently endeavor to contact the Plaintiff as required by Section 2923.5(g) and by otherwise violating . . . Sections 2923.5" (First Amd. Compl. ¶ 100). Plaintiff's ambiguous assertions, however, that

9

1   defendant is "causing or threatening to cause notice of default to be filed" makes it unclear
2   whether a notice of default was actually filed to begin with, let alone whether it was filed in
3   violation of Section 2923.5. Thus plaintiff fails to offer sufficient factual support for this claim.
4   Defendant's motion to dismiss plaintiff's claim for injunctive relief under Section 2923.5 is
5   therefore **GRANTED**.

### D. Infliction of Emotional Distress.

Plaintiff does not specify whether defendant's infliction of emotional distress was intentional or negligent. She bases this claim, however, on defendant's "breach of duty of care encompassed within their fiduciary and legal duties," suggesting a negligence claim (First Amd. Compl. ¶ 104). As discussed above, defendant does not owe plaintiff a duty of care and thus is not liable for negligently inflicting emotional distress. Defendant's motion to dismiss plaintiff's negligent infliction of emotional distress claim is therefore **GRANTED**.

### E. Civil RICO.

Federal law imposes civil liability on persons and organizations engaged in a "pattern of racketeering activity." 18 U.S.C. 1962(c). Racketeering activity includes a number of generically-specified criminal acts, as well as the commission of one of a number of listed predicate offenses. 18 U.S.C. 1961(1). The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). A plaintiff must additionally meet the heightened pleading standard under Rule 9(b) to state a claim under RICO. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Plaintiff here fails to do so.

Plaintiff alleges that defendant U.S. Bank and "Does Bank Defendants" "engaged in a pattern of illegal and fraudulent activity in connection with the acts of mail and wire . . . fraud acts" (First Amd. Compl. ¶ 114). The alleged predicate acts include a host of conclusory allegations such as defendant's manipulation of profits "by concealing, withholding and manipulating . . . title documents for the purpose of misrepresenting to [defendants'] investors" (*Id*. ¶ 117). Furthermore, plaintiff necessarily concedes falling short of the Rule 9(b) standard by

alleging that "facts from which it is reasonable . . . to infer misconduct . . . will be discoverable herein by this action to establish further reasonable grounds" to find joint action by "Enterprise Defendants" (*Id.* ¶ 1174).

Accordingly, this order finds that plaintiff fails to state a RICO claim. Defendant's motion to dismiss plaintiff's 18 U.S.C. 1962 violation claim is therefore **GRANTED**.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**. Defendant's request for judicial notice and motion to strike are **DENIED AS MOOT**.

Plaintiff will have until **AUGUST 27, 2015 AT NOON**, to file a motion for leave to amend her claims. A proposed amended complaint must be appended to this motion. Plaintiff must plead her best case. The motion should clearly explain how the amended complaint cures the deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes. If such a motion is not filed by the deadline, this case will be closed.

**IT IS SO ORDERED.**

Dated: July 30, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE